## KLAUBER et al. v. VIGNERON et al.

### No. 14,869; February 14, 1893.

32 Pac. 248.

**Marriage—Transfer of Mortgaged Premises in Consideration of.**—A conveyance by the owner of mortgaged premises, in consideration of marriage and money received, of his interest in the premises, to his intended wife, is valid.

**Marriage—Transfer of Mortgaged Premises in Consideration of.**—Where such mortgagor, after marriage, substitutes for the previous mortgage, which is canceled, one of larger amount, the last-named mortgage is void.

**Marriage—Transfer of Mortgaged Premises in Consideration of.**—If the mortgagee is entitled to any relief, he should declare on the previous mortgage, and ask to have the satisfaction set aside on the ground that it was made through mistake, accident, or fraud.

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action by A. Klauber and another, partners as Klauber & Levi, against George Vigneron and another, and Joanna Vigneron, to foreclose a mortgage. Judgment for plaintiffs. Joanna Vigneron appeals. Reversed.

Hunsaker, Britt & Goodrich for appellant; A. E. Cochran for respondents.

BELCHER, C.—The material facts of this case are as follows: On December 16, 1887, the defendant George Vigneron executed to John A. Watson his promissory note for $300, and a mortgage to secure its payment on certain real property which he then owned. This note and mortgage were subsequently assigned to the plaintiffs. On January 26, 1888, Vigneron executed to the plaintiffs his promissory note for $700, due one year after date, and a mortgage to secure its payment on the same real property. On July 16, 1888, Vigneron, for the expressed consideration of one dollar executed, acknowledged, and delivered to Joanna Ford a deed conveying to her the mortgaged property, which deed was duly filed

for record on October 1, 1888, and was thereafter duly recorded. On July 17, 1888, Vigneron and Joanna Ford were married, and have ever since been husband and wife. On May 7, 1889, Vigneron executed to the plaintiffs his promissory note for $1,200, due six months after date, and a mortgage to secure its payment on the same real property mortgaged and conveyed as before stated; and on the same day the plaintiffs marked "paid" their $700 note, and delivered it to the maker, and also satisfied of record the mortgage given to secure its payment. On January 1, 1890, Vigneron and his wife Joanna, executed to C. H. Hill their promissory note for $3,500, due one year after date, and a mortgage to secure its payment on the same real property. Each of the before-mentioned mortgages was duly recorded on the day or the day after its date. On June 27, 1890, the plaintiffs commenced this action to foreclose their $300 and $1,200 mortgages; and Vigneron, Mrs. Vigneron and Hill were made parties defendant. The complaint, among other things, alleged that the $1,200 mortgage "was given in lieu of, and substitution of, and in renewal of" the $700 mortgage which had been satisfied, and that neither of said mortgages had been paid; and that Mrs. Vigneron claimed an interest in the mortgaged property by virtue of the conveyance to her of July 16, 1888, but that the said deed was accepted by the grantee "with full knowledge of the existence of said debt, and of its nonpayment," and her interest or claim was subsequent to the lien of the plaintiffs' mortgage. And the prayer was that plaintiffs have judgment for the amounts due for principal and interest on the $300 and $1,200 notes, together with attorneys' fees and costs; that the deed from George Vigneron to Joanna Ford be ordered delivered up, and canceled, and that plaintiffs be subrogated to the rights of the payees of the $700 note; that the mortgaged land be decreed to be subject to and sold under the $1,200 mortgage, and that the proceeds of the sale be applied in payment of the amount due the plaintiffs; that the defendants, and all persons claiming under them, be barred and foreclosed of all rights and claims in and to the said premises, and every part thereof; and that the plaintiffs have judgment and execution against George Vigneron for any deficiency, etc. George Vigneron failed to answer, and judgment was rendered against

him by default. Mrs. Vigneron answered, and admitted that she claimed an interest in the mortgaged premises under and by virtue of the conveyance made to her on July 16, 1888; denied that her interest in the premises was subject to the lien of plaintiffs' $1,200 mortgage, but, on the contrary, averred that it was prior and paramount to said mortgage; denied that said deed was made or accepted by her with any knowledge of the existence of the said debt, or its nonpayment; and, upon information and belief, denied that the $1,200 mortgage was given in lieu of, substitution of, or renewal of the $700 mortgage; and also, in like manner, denied that the last-named mortgage had not been paid. Hill answered, making substantially the same denials and averments as are made by Mrs. Vigneron in her answer, and then, by way of cross-complaint, set up his note and mortgage, and asked for a foreclosure. The case was tried, and the court found the facts as to the notes and mortgages, the conveyance, and the marriage of defendants, to be as before stated. It also found that the $1,200 mortgage was given in lieu of, substitution of, and as renewal of the $700 mortgage, and that all the allegations and averments of the plaintiffs' complaint were true, and all the denials and allegations of the defendants' answer were untrue. It further found the amount due Hill upon his note and mortgage. And as conclusions of law it found, among other things, that the plaintiffs were entitled to the relief sought under the note and mortgage for $1,200, to the extent of the amount due upon the note and mortgage for $700, with interest thereon to the date of the decree, making in all $965.08, for which amount plaintiffs had a priority of lien over the claims of defendants Hill and Joanna Vigneron. A decree was accordingly entered in favor of the plaintiffs, and from that decree, and an order denying her motion for a new trial, Mrs. Vigneron appeals.

When the deed of July 16, 1888, was executed, the parties to it intended to be, and were in fact, married on the next day. The consideration for the deed, as stated therein, was one dollar, but the real consideration, as shown by the uncontradicted testimony, was the proposed marriage, and about $1,000 in money advanced and paid by the grantee to the grantor. Marriage alone is a good and sufficient consideration for an antenuptial settlement, and such a settlement

will not be set aside, in the absence of the clearest proof of fraud, participated in by both parties: Prewit v. Wilson, 103 U. S. 22, 26 L. Ed. 360. The deed was therefore not a fraudulent transfer, and the contention of respondents on this point cannot be sustained.

When the deed was delivered and accepted, it operated to vest the title to the premises conveyed in the grantee, subject, of course, to any valid subsisting liens thereon; and the grantor had thereafter no power to convey, mortgage, or encumber the same. As said in Barber v. Babel, 36 Cal. 20, after citing numerous authorities, the cases "establish the principle that after a conveyance of the mortgaged premises, or the transfer of an interest therein, the mortgagor has no power to create, revive, renew, or prolong a charge upon the premises, or interest therein, so conveyed or transferred, while such interest remains in another party." The mortgage to secure the $1,200 note was therefore void; and whether or not it was given in lieu of, substitution of, and in renewal of the $700 note and mortgage, is a matter entirely immaterial for the purposes of this case. If the plaintiffs were entitled to any relief by reason of the last-named mortgage, they should have declared upon it, and asked to have the satisfaction set aside upon the ground that it was made by or through mistake, accident, or fraud. The judgment rendered upon the $1,200 mortgage cannot be sustained; and we advise, therefore, that the judgment and order appealed from be reversed and the cause remanded for a new trial, with leave to the plaintiffs to amend their complaint, if so advised.

We concur: Vanclief, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause remanded for a new trial, with leave to the plaintiffs to amend their complaint, if so advised. ·